Lewis SMITH and Dorothy Smith *v.* Jerry FERGUSON and Charlene Ferguson, Individually and The Crest Corporation

90-123                                    790 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Ralph M. Patterson*, for appellants.

*Vowell & Atchley, P.A.,* for appellees.

Oᴛɪs H. Tᴜʀɴᴇʀ, Justice. This case is before the Supreme Court on certification from the Court of Appeals pursuant to Supreme Court Rule 29(1)(c) as a case involving interpretation of the Arkansas Rules of Civil Procedure.

Jerry and Charlene Ferguson were the owners of a liquor store in Eureka Springs. In March, 1983, Lewis and Dorothy Smith, Illinois residents, came to Arkansas looking for a business investment with the intention of relocating. Mr. Smith was a retired banker, and his wife was a secretary for an Illinois real estate business.

The Smiths initiated negotiations for the purchase of the Fergusons' liquor store. Mrs. Ferguson conferred with Hollis Spencer, an Alcoholic Beverage Control agent, about the sale of the liquor store to non-residents. The Fergusons informed the Smiths that a liquor store permit would not be issued to any person until a two-year residency requirement, including Arkansas voter registration, was met. Mrs. Ferguson advised Mrs. Smith to register to vote and to obtain an Arkansas vehicle license. The ABC agent indicated, and the Smiths were made aware, that a transaction would be permissible if the Fergusons retained an interest in the store and held the permit in their names until the new purchasers met the residency requirement. This procedure appears to have been followed in similar sales in the area.

After the parties had reached a tentative agreement, Mrs. Ferguson had a change of mind and notified the Smiths she did not wish to sell the business. The Smiths then threatened legal action unless the sale was completed as agreed upon.

The negotiations between the parties culminated in both a written contract providing for the sale of the property and an oral agreement concerning the retention of a nominal interest by the sellers.

The contract for the sale of the business included the inventory, fixtures, building, and real property for a total purchase price of $150,000. The Smiths agreed to pay $40,000 in cash, with the balance to be evidenced by a promissory note secured by a mortgage on the property. It was orally agreed that the Fergusons would retain a one-percent interest in the business and would assist in its management in order to satisfy the licensing requirements until the Smiths could qualify.

In April, 1983, Lewis Smith moved to Arkansas and was followed by Dorothy Smith a few months later. Their son, Scott, joined them and actively managed the store. The Smiths ultimately became disenchanted, and Mrs. Smith returned to Illinois in October, 1984. She was followed by her husband about a month later. Their son remained in Arkansas to operate the store. Lewis Smith died prior to the initiation of this action. None of the Smiths ever applied for an Arkansas liquor license or permit.

In 1986, the Alcoholic Beverage Control Division found the store to be in non-compliance, and the Fergusons were given thirty days to resolve the matter. Mrs. Smith, now a resident of Illinois, did not comply with the Alcoholic Beverage Control Division order. Scott Smith refused to apply for the license in his name and subsequently closed the store.

A suit was then filed in circuit court, alleging that the contract was illegal as a violation of Arkansas law and ABC regulations and seeking cancellation of the contract of sale and damages. The Fergusons counterclaimed for the balance due on the promissory note and sought a foreclosure on the mortgage.

A trial was held in Carroll County Circuit Court, and at the close of evidence, the appellants moved for partial declaratory judgment, seeking a declaration that the contract was illegal and void. The appellees responded, and the court, treating the motion and response as a motion for a directed verdict, found that the appellants had failed to sustain the allegations of the complaint and therefore directed a verdict for the appellees.

Though not abstracted, the record reveals that the circuit court then transferred the counterclaim for judgment and foreclosure to chancery court for further proceedings.

We affirm the trial court's action.

At first blush it would appear that a resolution of this appeal requires consideration of Arkansas Rules of Civil Procedure Rule 13(a), Rule 13(h), Rule 42(b), and Rule 54(b), together with the relationship between those sections as they might apply to this case.

The appellant's complaint for cancellation of the contract and damages and the appellees' counterclaim for judgment on the note and for foreclosure of the mortgage arose from the same transaction; thus, the appellees' counterclaim was compulsory pursuant to Arkansas Rules of Civil Procedure Rule 13(a). When, however, the trial court granted a directed verdict for the defendants/counterclaimants on the plaintiffs' complaint and transferred the counterclaim for foreclosure to chancery court, the proper forum, there was nothing remaining in the circuit court, which then lost any further jurisdiction. The judgment became a final and appealable order without the necessity of the trial court making a formal bifurcation of the case and without the necessity of complying with the formal requirements of Rule 54(b) of the Arkansas Rules of Civil Procedure. *See Purser* v. *Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974).

For reversal, the appellants raise six alleged errors: First, the contract was illegal under Ark. Code Ann. § 3-5-215 (1987); second, the contract was illegal under Ark. Code Ann. § 3-4-301 (1987); third, the contract was illegal under Ark. Code Ann. § 3-4-217 (1987); fourth, the contract was illegal under the regulations of the Alcoholic Beverage Control Division; fifth, it was error to treat the appellants' motion for partial declaratory judgment as a motion for summary judgment; and sixth, the trial court should have declared that the agreement was illegal as a matter of law.

The appellants' first through fourth and sixth points for reversal may be considered together because they all deal with the appellants' assertion that the contract was "illegal" under the

statutes and regulations and was therefore void.

Arkansas Code Annotated § 3-5-215 provides that a liquor permit shall not be granted to a person not a resident of this state for at least two years.

Arkansas Code Annotated § 3-4-301 provides that a permit must be revoked if it is transferred, assigned, or hypothecated by the permit holder.

Arkansas Code Annotated § 3-4-217 prohibits the assignment or transfer of the liquor permit.

Subtitle G of the Alcoholic Beverage Control Regulations prohibits transfer or assignment (Section 12) and the pledging or hypothecating or depositing of a permit for collateral (Section 13).

The record is clear that, at the time of purchase, the appellants knew that as non-residents a liquor permit could not be transferred or issued to them. However, that does not mean that the liquor store could not have been sold, or could not have been operated by a qualified permit holder. Also, the record is completely devoid of any indication that the liquor permit issued to the Fergusons was in any manner intended to be or was in fact transferred, assigned, or hypothecated, or that it was deposited as collateral. The evidence to the contrary was overwhelming, and the appellants' arguments are without merit.

With regard to the remaining point, we find no reversible error in the granting of a directed verdict by the trial court. The appellants allege error in the manner by which the trial court disposed of the issues but cite no authority in support of the allegation. The argument made by the appellants is not convincing. *McGuire* v. *Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988).

Affirmed.