Sheila E. ROBINSON, As the Removed Administratrix of the
Estate of Reginald G. Robinson, Sr., Deceased *v.*
Linda WINSTON, As the Administratrix of the Estate of
Reginald G. Robinson, Sr., Deceased

CA 98-205                                                  984 S.W.2d 38

Court of Appeals of Arkansas
Division II
Opinion delivered December 2, 1998

*Daggett, Van Dover, Donovan & Perry, PLLC*, by: *J. Shane Baker*, for appellant.

*Wilson & Valley*, by: *E. Dion Wilson*, for appellee.

M ARGARET MEADS, Judge. Appellant Sheila Robinson is the widow of Reginald Robinson, a West Helena fireman who was killed in the line of duty on May 8, 1997. Mr. Robinson died intestate. Appellee Linda Winston is the ex-wife of the decedent and the mother of his daughter, Candrice C. Robinson. On May 20, 1997, appellant petitioned to be appointed administratrix of the estate and listed the decedent's mother and two sons as his heirs. Appellant failed to name Candrice as an heir and did not send notice of her petition to Candrice or the other heirs. On June 20, 1997, the probate judge appointed appellant administratrix of the estate.

On August 27, 1997, appellee filed an objection to appellant's appointment as administratrix; in the alternative, she asked that she be appointed co-administratrix. Appellee alleged that appellant and her attorneys purposely disregarded Candrice as an heir of the decedent and failed to file a claim for death benefits with the State Claims Commission. Appellee also requested that Candrice be declared a legitimate heir of the estate. Appellant objected to appellee's request to be appointed co-administratrix because appellee had no relationship to the decedent and stated: "Linda Winston is an ex-wife of the decease[d]; [she] may have some interest adverse to and in conflict with the estate for some claimed back support or other monies . . . ."

At a hearing held September 26, 1997, appellee testified that she had learned from the decedent's mother of appellant's failure

to name Candrice as an heir on the petition and that when she asked appellant to include Candrice as an heir, appellant told her to have her own lawyer do so. She said that this conversation prompted her to file her objection to appellant's appointment as administratrix. She also stated that she had received no information indicating that appellant had filed a death-benefit claim with the State Claims Commission.

Appellant testified that she had given Candrice's name to her out-of-state lawyer before the petition was prepared. She admitted, however, that, before she signed the petition, she noticed that Candrice's name was missing and that she had not yet amended it. She also admitted that she and the decedent had been separated at the time of his death. She contended that she had already filed a death-benefit claim with the State Claims Commission.

By order filed October 16, 1997, the judge found that appellant's appointment as administratrix had not been published; that notice had not been provided to the known heirs; that Candrice, an heir, had been omitted from the petition; that appellant was aware of this omission at the time she signed the petition; and that appellant had not amended the petition after appellee bought the matter to her attention. The judge found that appellant had failed to perform basic duties required of her as administratrix, including (1) giving public notice after her appointment or providing proof of such notice; (2) providing notice of her appointment to the heirs; (3) filing an inventory; (4) listing all of the known heirs on the petition; (5) marshalling all of the assets of the estate; and (6) amending pleadings when informed of their deficiencies. The judge also noted that "obvious tension exists between the current Administratrix and the heirs-at-law as demonstrated during the hearing on this petition." The judge found appellant unsuitable to serve as administratrix, removed her from that position, and granted appellee's request to be appointed successor administratrix.

Appellant first argues that because appellee is not an "interested person" as defined by the Arkansas Probate Code, the probate court's order removing her and appointing appellee as

successor administratrix is clearly erroneous. She says that the probate code defines "interested person" as any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary, Ark. Code Ann. § 28-1-102(a)(11) (1987), and that appellee's only relationship to the decedent is that of ex-spouse.

Appellee responds that we should not consider this argument on appeal because appellant failed to raise it below. In her reply brief, appellant argues that she did not have to raise this argument below because the probate court was without subject-matter jurisdiction to decide the issue.

■ Subject-matter jurisdiction is the power of the court to adjudge certain matters and to act on facts alleged. *Leinen v. Ark. Dept. of Human Servs.*, 47 Ark. App. 156, 886 S.W.2d 895 (1994). In *Banning v. State*, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987), we explained:

> The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power.

■ Arkansas Code Annotated section 28-48-105 (1987) authorizes the probate court to remove a personal representative for various reasons, either upon the court's own motion or upon the petition of an interested person. *Pickens v. Black*, 316 Ark. 499, 872 S.W.2d 405 (1994). Therefore, the probate court had the authority to remove appellant on its own motion, and we cannot agree that the probate court lacked subject-matter jurisdiction of this issue. *See Pickens, supra.*

■ Because the probate court did not lack subject-matter jurisdiction, the issue of whether or not appellee was an interested person should have been raised at trial. A question not raised in

the court below by the pleadings or arguments of counsel cannot be considered for the first time on appeal. *Gautney v. Rapley*, 2 Ark. App. 116, 617 S.W.2d 377 (1981). Questions left unresolved are waived and may not be relied upon on appeal. *Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987). Because appellant's argument was not raised at trial, we do not consider it on appeal.

Appellant also argues that the probate court erred in finding her to be unsuitable to serve as administratrix and in removing her from that position. Arkansas Code Annotated section 28-48-105 (1987) provides among other things that the court may remove a personal representative who becomes mentally incompetent, disqualified, unsuitable, or incapable of discharging his trust, has mismanaged the estate, or has failed to perform any duty imposed by law.

In *In re Guardianship of Vesa*, 319 Ark. 574, 892 S.W.2d 491 (1995), the supreme court acknowledged that the probate code does not define the term "unsuitable" but quoted, as it had before in *Davis v. Adams*, 231 Ark. 197, 205, 328 S.W.2d 851, 856 (1959), the definition of that term provided by the Massachusetts Supreme Court in *Quincy Trust Co. v. Taylor*, 317 Mass. 195, 57 N.E.2d 573 (1944):

> The statutory word "unsuitable" gives wide discretion to a probate judge . . . . Such a finding may also be based upon the existence of an interest in conflict with his duty, or a mental attitude toward his duty or toward some person interested in the estate that creates reasonable doubt whether the executor or administrator will act honorably, intelligently, efficiently, promptly, fairly, and dispassionately in his trust. It may also be based upon any other ground for believing that his continuance in office will be likely to render the execution of the will or the administration of the estate difficult, inefficient or unduly protracted. Actual dereliction in duty need not be shown.

319 Ark. at 581, 892 S.W.2d.at 495. In *Vesa*, the supreme court also acknowledged that "family friction" and "continuous bickering" can adversely affect an administrator's suitability. *Id.* at 581-82, 892 S.W.2d at 495.

■ Here, there was evidence that Candrice's name had been omitted as an heir to the estate, and this omission was not corrected when appellant was informed of the error. We think that was enough for the probate judge to find appellant unsuitable because of a mental attitude toward some person interested in the estate that created a reasonable doubt whether appellant would act honorably, fairly, and dispassionately in her trust. Moreover, appellant hired Wisconsin attorneys for an Arkansas probate matter. Appellant's choice of Wisconsin attorneys was a sufficient ground to believe that appellant's continuance in office would likely render the administration of the estate difficult, inefficient or unduly protracted. Finally, we cannot ignore the probate judge's finding of obvious tension between appellant and the heirs-at-law, which was demonstrated during the hearing on appellee's petition.

■ ■ An executor of an estate occupies a fiduciary position and must exercise the utmost good faith in all transactions affecting the estate. *Guess v. Going*, 62 Ark. App. 19, 966 S.W.2d 930 (1998). Although probate cases are reviewed *de novo* on the record, we will not reverse the findings of the probate judge unless they are clearly erroneous, giving due deference to the probate judge's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Jones v. Balentine*, 44 Ark. App. 62, 866 S.W.2d 829 (1993).

■ We cannot find that the probate judge was clearly erroneous in removing appellant as administratrix of the estate.

Affirmed.

AREY and GRIFFEN, JJ., agree.