Jerry TIMMONS and Rex Vint *v.* Robert McCAULEY

CA 99-1334 27 S.W.3d 437

Court of Appeals of Arkansas
Division III
Opinion delivered September 20, 2000

*Michael T. Sherwood, P.A.,* by: *Michael T. Sherwood,* for appellant.

*Jon Johnson,* for appellee.

ANDREE LAYTON ROAF, Judge. Jerry Timmons and Rex Vint appeal from a portion of an order of the Pulaski County Circuit Court transferring to appellee Robert McCauley possession of a 1937 Chevrolet truck that was the subject of a contract dispute. The order also granted their motion to consolidate and transfer the two cases before the court to chancery court, where a third lawsuit concerning the truck had been filed. On

appeal, Timmons and Vint argue that the order to deliver the truck should be reversed because: 1) the trial court lacked subject-matter jurisdiction over the truck; 2) there was no evidence to sustain the court's ruling; 3) the court erred in finding a partial default in this matter because the answer of a codefendant serves as an answer for both; and 4) the ruling of the court was arbitrary and capricious. McCauley contends that this appeal should be dismissed because the order is not final. We must reverse and dismiss that portion of the circuit court's order transferring possession of the truck because the circuit court, as a court of law, not of equity, lacked subject-matter jurisdiction to grant what was in effect a temporary mandatory injunction.

This case involves a trade of automobiles. In September of 1998, Timmons agreed to trade a 1937 Chevrolet pick-up truck to McCauley for a 1963 Impala SS, a 1962 Ford truck, a television set, and $5,000. The Chevrolet was titled in Vint's name. At some point after Timmons executed a written contract to make the transaction and Vint signed a bill of sale and negotiated the title to the Chevrolet over to McCauley, Vint and Timmons changed their minds and offered to return McCauley's money. McCauley insisted on taking possession of the vehicle; Timmons and Vint refused to surrender it.

McCauley filed a *pro se* small claims complaint in Sherwood Municipal Court against Timmons, alleging breach of contract, fraud, deceit, and bad faith, and seeking declaratory, injunctive, and monetary relief. McCauley's *pro se* complaint had nine notarized "Exhibits" attached, including the contract, bill of sale, and title to the Chevrolet. Timmons answered with a general denial and moved to transfer the case to Little Rock Municipal Court. The transfer motion was granted; however, the case was transferred, *sua sponte,* to Pulaski County Circuit Court on January 7, 1999.

On March 2, 1999, McCauley filed a complaint in replevin in the Sixth Division of the Pulaski County Circuit Court. Vint and Timmons separately answered the complaint, and both men counterclaimed for breach of contract and the tort of deceit and asserted that the case belonged in chancery court. Timmons also prayed for Rule 11 sanctions. Apparently, the municipal court case ended up in the Seventh Division, and on June 2, 1999, McCauley successfully moved to transfer and consolidate the Sixth Division case with

the Seventh Division filings. The consolidated case was heard in the Seventh Division on August 13, 1999.

At the hearing, however, Vint and Timmons moved to transfer the case to chancery court, where they claimed that ownership of the Chevrolet was an issue in a divorce proceeding filed by Timmons's wife. The trial judge granted the order transferring the case to chancery court, but ordered that the Chevrolet be delivered to McCauley, who according to the title document that was attached to the *pro se* complaint, was the owner of record of the vehicle.

 As a threshold issue, McCauley argues that this case should be dismissed because there is no final appealable order. We disagree. Pursuant to Ark. R. App. P.—Civ. 2(a)(6) (2000), this court has appellate jurisdiction over "an interlocutory order by which an injunction is granted." *See Villines v. Harris*, 340 Ark. 319, 11 S.W.3d 516 (2000). An injunction is a command by a court to a person to do or refrain from doing a particular act. It is mandatory when it commands a person to do a specific act, or prohibitory when it commands him to refrain from doing a specific act. *Tate v. Sharpe*, 300 Ark. 126, 777 S.W.2d 215 (1989). An injunction may be preliminary, interlocutory, or permanent. Ark. R. Civ. P. 65(e). The order transferring possession of the Chevrolet was clearly a mandatory injunction. Moreover, in *Smith v. Ferguson*, 302 Ark. 388, 790 S.W.2d 162 (1990), the supreme court held that where the circuit court granted a directed verdict on a plaintiff's complaint for cancellation of a contract and transferred the defendant's counterclaim for foreclosure to chancery court, there was nothing remaining in the circuit court, and its judgment became a final and appealable order without the necessity of complying with the formal requirements of Rule 54(b) of the Arkansas Rules of Civil Procedure[1] Accordingly, this court has jurisdiction to decide this appeal.

 It is also because the circuit court granted a temporary injunction that we must now reverse this case. We hold that in so doing, the circuit court acted without subject-matter jurisdiction to fashion an equitable remedy. Subject-matter jurisdiction is the

---

[1] *See* John J. Watkins, *Law and Equity in Arkansas* — OR WHY TO SUPPORT THE JUDICIAL ARTICLE, 53 ARK. L. REV. 401, 422-25 (2000), for a discussion of *Smith v. Ferguson, supra*, and the serious trap for the unwary posed by Ark. R. Civ. P. 54(b) because of our dual court system.

power of a court to adjudge certain matters and to act on facts alleged. *Robinson v. Winston*, 64 Ark. App. 170, 984 S.W.2d 38 (1998). Where the question is one of subject-matter jurisdiction, it does not matter how it arises; this question may be raised for the first time on appeal or the court may raise it on its own, but the parties to an action may not confer subject-matter jurisdiction on a court. *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). Subject-matter jurisdiction is an issue that we are required to raise on our own, even when the parties do not contest jurisdiction. *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998).

 Although the state of the law regarding the authority of circuit courts to grant injunctive relief is by no means free from uncertainty,[2] in *Villines v. Harris, supra*, the supreme court has recently stated unequivocally that the circuit courts of this state do not possess the power to grant injunctive relief. In *Villines*, the court cited *Monette Road Improvement Dist. v. Dudley*, 144 Ark. 169, 222 S.W. 59 (1920), for its holding that the creation of the chancery courts in this state left no vestige of equity jurisdiction in the circuit courts. *See also Cummings v. Fingers*, 296 Ark. 276, 753 S.W.2d 865 (1988). The circuit court therefore was without subject-matter jurisdiction to order the transfer of possession of the Chevrolet. *See id.* A court that acts without subject-matter jurisdiction or in excess of its power produces a result that is void and cannot be enforced. *West v. Belin*, 314 Ark. 40, 45, 858 S.W.2d 97, 100 (1993). Accordingly, we reverse and dismiss the order transferring possession of the Chevrolet truck.

Reversed and dismissed.

HART and MEADS, JJ., agree.

---

[2] Watkins, *supra* note 1, at 427-433.