2013 Ark. App. 213

**James David CARRUTH, Appellant,**

v.

**Mary Ann CARRUTH, Appellee.**

**No. CA 12–351.**

Court of Appeals of Arkansas.

April 3, 2013.

Williams & Anderson, PLC, Little Rock, by: Teresa Wineland and Bonnie Joan Johnson, for appellant.

Mary Thomason, for appellee.

BILL H. WALMSLEY, Judge.

Appellant James David Carruth appeals from the Union County Circuit Court's order denying relief with respect to his child-support obligation. Appellant's primary argument on appeal is that the trial court erred in denying his motion

to modify child support. We dismiss the appeal.

Although neither party raised the issue of jurisdiction, this court's subject-matter jurisdiction is one that we are obligated to raise on our own motion. *Seay v. C.A.R. Transp. Brokerage Co., Inc.,* 366 Ark. 527, 237 S.W.3d 48 (2006). The failure to file a timely notice of appeal deprives this court of jurisdiction. *See, e.g., Harold Ives Trucking Co. v. Pro Transp., Inc.,* 341 Ark. 735, 19 S.W.3d 600 (2000). Arkansas Rule of Appellate Procedure—Civ. 4(a) provides that a notice of appeal generally must be filed within thirty days from the entry of the judgment, decree, or order from which an appeal is taken. If a party files any type of motion to vacate, alter, or amend the judgment within ten days after entry of the judgment, the time for filing the notice of appeal is extended to thirty days after the entry of the order disposing of the last motion outstanding. Ark. R.App. P.—Civ. 4(b)(1). If the circuit court neither grants nor denies such motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R.App. P.—Civ. 4(b)(1).

Following the parties' divorce proceedings on August 12 and 18, 2009, the trial court issued a letter opinion on October 7, 2009, in which the trial court, among other things, set child support. On November 6, 2009, appellant filed "Defendant's Motion for Reconsideration of Alimony Arrearage and for Reconsideration or Modification of Child Support." The divorce decree was subsequently entered on November 24, 2009. The trial court held a hearing on appellant's motion on May 4, 2010, and entered an order denying the motion on July 8, 2011, concluding that the "calculation of [child support set forth in the divorce decree] will therefore stand." Appellant filed a timely notice of appeal from the July 8, 2011 order.

Appellant filed no notice of appeal from the divorce decree, which memorialized the amount of child support ordered. Although appellant's subsequent motion purported to be one "for reconsideration or modification of child support," the substance of appellant's motion indicates that it was solely a motion to reconsider the child-support award from the divorce decree, and not a motion to modify based on changed circumstances, given that appellant's motion was filed before the decree was entered.[1] A change of circumstances must be shown before a court can modify an order for child support, and the party seeking modification has the burden of showing a change in circumstances. *Evans v. Tillery,* 361 Ark. 63, 204 S.W.3d 547 (2005). Appellant alleged no change in circumstances in the motion. He argued that the trial court had used incorrect or outdated figures in initially setting child support and had failed to examine all the exhibits. Thus, appellant's petition was a motion to reconsider the award set forth in the divorce decree.

When appellant's motion for reconsideration was not ruled on in a timely manner, it was deemed denied pursuant to Rule 4(b)(1), as well as Ark. R. Civ. P. 52(b).[2]

---

1. *See Martin v. Pierce,* 370 Ark. 53, 257 S.W.3d 82 (2007) (pleadings should be construed to give effect to the substance rather than the form).

2. Rule 52(b) provides that, upon motion of a party made not later than ten days after entry of judgment, the court may amend its findings of fact previously made or make additional findings and may amend the judgment accordingly. A motion made before entry of the judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor de-

As with the divorce decree, appellant filed no notice of appeal from the deemed denial of his motion for reconsideration.

By the time of the hearing in May 2010, the trial court had lost jurisdiction to consider appellant's motion to reconsider because it had long since been deemed denied by operation of law.[3]  The July 8, 2011 order was consequently void and of no effect, leaving this court with nothing to review on appeal. *See Eubanks v. Eubanks,* 2009 Ark. App. 344, 2009 WL 1152979.  We therefore dismiss the appeal.

 ₄Dismissed.

WYNNE, HIXSON, and BROWN, JJ., agree.

GLADWIN, C.J., and GLOVER, J., dissent.

DAVID M. GLOVER, Judge, dissenting.

I respectfully dissent.  The majority's fundamental decision to dismiss this appeal on jurisdictional grounds denies a fair discussion of the context in which this case arose and the applicable legal issues presented.  Thus, a further, more complete factual recitation is necessary, just as it is further necessary to discuss the other rules of procedure clearly invoked, accepted, allowed, and/or waived by both parties' counsel and the trial court.

This is the second appeal of this case.  It was procedurally presented to the trial court in an unusual manner and then decided by the trial court in a prolonged manner.  We dismissed the first appeal for lack of a final order.  *Carruth v. Carruth,* 2012 Ark. App. 172, 2012 WL 559912.  An amended order was entered on April 20, 2012,[1] with a Rule 54(b) certificate because the trial court held in abeyance rulings on sanctions to allow for purging by good behavior.  James David Carruth appeals from the amended order, contending that 1) the circuit court erred in denying his motion for modification of child support when he proved that his average monthly income was thirty-three percent less than the amount on the original order, and there was no finding made to support deviation from the family-support chart; 2) the court should make the modification retroactive to the date of his modification petition; and ₅3) the appeal should be remanded for the limited purpose of modifying support to an amount based on monthly income of $8,492 on the child-support chart.  On the record developed, I would reverse and remand for further proceedings consistent with this dissent.

James and Mary Ann married in 1997.  Their divorce decree was entered on November 24, 2009.  Mary Ann was awarded custody of the two minor children, child support of $2,667 per month, and alimony, among other things.  The child-support award was based on the trial court's finding that James had an average monthly income of $12,700.  James moved for reconsideration and/or modification of the trial court's findings regarding child support and alimony after the trial court issued its letter opinion but before the divorce decree was entered.  The motion was timely re-characterized—from one for

nies the motion within thirty days of filing, it shall be deemed denied as of the thirtieth day.

**3.**  To the extent the trial court attempted to modify the divorce decree, Arkansas Rule of Civil Procedure 60(a) provides that the court may modify a decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.  More than ninety days had passed since the divorce decree was entered in November 2009 and when the court heard and ruled on appellant's petition.

**1.**  The trial court determined that the amount of child-support arrearage was $18,009, through February 2012.

both reconsideration and modification to one for simply modification—first, by conversation among the parties and the trial court within thirty days from entry of the decree, and then again at the outset of a subsequent hearing on May 4, 2010. At the outset of that hearing, the following colloquy occurred:

MARY ANN's COUNSEL: I understand the motion for reconsideration to be moot for untimeliness, except for the part of the motion for modification.

JAMES's COUNSEL: I asked the Court, when the motion was not ruled on or when it appeared it was not going to be ruled on, within 30 days following the decree to consider it as a motion to reduce child support.

TRIAL COURT: It can be re-characterized as a motion to modify. This issue is one that was present in this case and we will address it. Your motion will then be modified to reflect a motion for modification of the prior decree.

Both James and Mary Ann testified at this hearing; however, a recitation of their testimony is unnecessary for this appeal. In addition, both parties introduced exhibits. James introduced the following exhibits: 1) his 2009 federal income tax return; 2) his 2009 state income tax return; 3) a spreadsheet showing his income for the period January 1, 2010, through July 1, 2010;[2] 4) his affidavit of financial means, dated May 2, 2010; and 5) a property list (which is not pertinent for purposes of this appeal). Mary Ann introduced three exhibits: 1) her affidavit of financial means, 2) her calculation of James's child-support arrearage (10/7/2009 to 5/4/2010), and 3) a property list (which is also not pertinent for purposes of this appeal). At the conclusion of the hearing, the trial court stated: "The Court will take the issues of child support under advisement and look at the facts and figures again. *Of course, the threshold issue there is* whether or not there's sufficient change in the circumstances *when we examine this petition in the first place for a change.* The Court will address that issue as well." (Emphasis added.)

Thus, before the May 4 hearing ever began, the parties and the trial court made clear what they were there for—to address James's claim of changed circumstances regarding his income and his request to modify his child-support obligation to reflect those purported changes in his income. They also clearly recognized at the outset that James's original request for reconsideration of the original child-support award was no longer in play; there was to be no re-examination of the old evidence and the factual findings resulting therefrom—all agreed that particular issue had been rendered moot by the passage of time, but that the issue of modification based on changed circumstances had been kept alive and was to be heard by the trial court that day. In other words, the purpose of the May 4 hearing—recognized by both parties and the trial court—was for James to prove his claim that his circumstances had changed sufficiently to justify modification of his child-support obligation. At the conclusion of the hearing, the trial court reiterated that the threshold issue for its consideration was whether there had been a sufficient change in circumstances. James's basic asserted change was that he was making less money and that he could prove it. In order for the trial court to properly address that claim, it was necessary to accurately calculate James's current income and compare

2. Through his testimony, James explained that he was paid 3 months after he actually made a sale, making it possible to know what he would be "making 3 months into the future."

it with the amount of income established by the divorce decree.

Arkansas Rule of Civil Procedure 15 provides in pertinent part:

> (a) *Amendments.* With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.
>
> . . . .
>
> (b) *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

James's original motion was styled, "Motion for Reconsideration of Alimony Arrearage and for Reconsideration *or Modification* of Child Support." (Emphasis added.) I agree with the majority opinion that, regardless of the title, the substance of the motion reflected that it was more for reconsideration than modification—particularly in light of the fact that it was filed so early. However, the majority's position refuses to recognize that the original motion evolved over time and by agreement of the parties and the trial court, beginning before the expiration of the thirty-day period following entry of the decree, as reflected by the opening colloquy at the May 4 hearing. Neither party objected to the stated purpose for the May 4 hearing nor to the evidence that was presented; therefore, any concerns regarding the modification issues that were before the trial court were either allowed by Rule 15 and/or waived by the parties. The original written motion, seeking a change in child support, was amended and heard, with no objection. The jurisdictional issues relied upon by the majority simply do not exist.

By a very late order entered July 8, 2011, fourteen months after the hearing, the modification request was denied. In addition, the trial court determined that James had been paying less than he was ordered, found him to be in contempt, and ordered payment of the arrearage. *See supra* note 1.

For his first point of appeal, James contends that the trial court erred in denying his motion for modification of child support because he proved his average monthly income was thirty-three percent less than the amount used in the original order; yet, the trial court did not modify his child support and did not explain its deviation from the family-support chart.

In considering this argument, which challenges a factual assessment by the trial court, we would ordinarily review the child-support award de novo on the record and apply the clear-error standard of review.

By its order entered July 8, 2011, more than a year after the May 4, 2010 hearing, the trial court stated in part:

The decree set forth the sum of $2,677 per month based on an average net income of $12,700 per month. This monthly income was calculated from Plaintiff's Exhibits 7 and 8[3] averaging the paycheck deposits over the last 12 months ($12,181)—eight (8) months in 2008 and four (4) months in 2009—and adding the average monthly income from Saxony—$518. The total of these two numbers was rounded to $12,700.00. The multiplication of that sum by 21% pursuant to the chart produced a support figure of $2,667. The numbers in Plaintiffs Exhibits 7 and 8 came from documents produced by the Defendant in discovery. Defendant now produces new figures not previously before the Court for a more current calculation through the end of 2009. *The monthly figures for 2010 and 2011 are unknown.* Certainly, the use of different months in averaging calculations will produce different averages. *I chose the 12 most current months of the span of the exhibits and did not use the deposit of loan proceeds ($19,700).* The calculation of $2,667 a month will therefore stand.

(Emphasis added.) In my opinion, the two italicized sentences from the July 8, 2011 order demonstrate the clear error. At the May 4, 2010 hearing, James introduced his Exhibit No. 3 without objection, which showed his monthly income for the period January 1, 2010, through July 1, 2010, thus making the trial court's finding that "the monthly figures for 2010 are unknown," clearly wrong.[4] In the second italicized sentence from the July 8, 2011 order, the trial court incorrectly explained that it chose the twelve most current months of the span of the exhibits; yet, by not

using the 2010 figures (provided by James in his Exhibit No. 3), it is clear that the trial court, without explanation, did *not* use the twelve most current months.

In my de novo review of the record in this case, I am left with a definite and firm conviction that the trial court made factual mistakes in addressing the motion for modification that was before it at the May 4 hearing. With these two facially erroneous findings in the trial court's order, I would conclude that the trial court's ultimate income/support calculation has a faulty foundation. But, unlike the majority, I would reach the merits on the record produced. From my review, I would reverse and remand this case to the trial court to reassess the evidence that was before it and to make its findings regarding the purported changed circumstances in accordance with that evidence and this opinion. I express no opinion whatsoever as to what those findings might be.

Because I would conclude that there was clear error in the trial court's manner of assessing James's postdecree income, it would be unnecessary for me to address the remaining points of appeal as they, too, would hinge on the trial court's assessment of income.

Having set forth my view of this case on appeal, and how I think it should be handled, I will now discuss some of the major problems I have with the majority's dismissal of this appeal.

The majority opinion dismisses this appeal for lack of subject-matter jurisdiction because the "failure to file a timely notice of appeal deprives this court of jurisdiction." The majority opinion recognizes that appellant's precipitating motion pur-

---

**3.** These references are to Mary Ann's Exhibits 7 and 8 at the divorce hearing held August 12 and 18, 2009.

**4.** Since the hearing was held on May 4, 2010, it is unclear why but correct that the trial court notes that the monthly figures for 2011 were unknown at that time.

ported to be one "for reconsideration *or modification* of child support" (emphasis added), but reasons that the substance of the motion was solely one for reconsideration, and *not* one to modify based on changed circumstances. The majority further reasons that the July 8, 2011 order deciding the motion was void and of no effect because the trial court had lost jurisdiction to consider appellant's motion to reconsider because it had long since been deemed denied by operation of law, leaving this court with nothing to review on appeal.

The majority opinion bases its decision on loss of jurisdiction, despite the fact that the opinion states appellant "filed a timely notice of appeal from the July 8, 2011 order"; despite the fact that at the outset of the May 4, 2010 hearing, a colloquy among counsel and the trial court established the purpose of the hearing, with appellee's counsel acknowledging that the motion for reconsideration was "moot for untimeliness, *except for the part of the motion for modification*"; despite the fact that appellant's counsel agreed, explaining that when it had become obvious that the motion for reconsideration was not going to be ruled on within thirty days following the decree, she had asked the trial court to consider it as a motion to reduce child support; despite the fact that the trial court promptly stated on the record, "Your motion will then be modified to simply reflect a motion for modification of the prior decree"; despite the fact that no objection was raised; despite the fact that both parties and the trial court then proceeded to conduct the May 4, 2010 hearing as one for modification of the November 24, 2009 decree; despite the fact that exhibits showing 2009 income tax returns, which were not available for the November 24, 2009 decree, and a spreadsheet showing appellant's income for the period January 1, 2010, through July 1, 2010, were introduced without objection; despite the fact that, at the conclusion of the hearing, the trial court specifically stated, "Of course, the threshold issue there is whether or not there's sufficient change in the circumstances when we examine this petition in the first place for a change"; and despite the fact that Rule 15 of our Rules of Civil Procedure states, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Despite all these facts (unrecognized by the majority), the majority opinion reasons that we must treat the motion as one for reconsideration only, which had long since been deemed denied, rendering the trial court without jurisdiction and thereby making the July 8, 2011 order void and of no effect. The majority opinion is not fair to the record and is internally inconsistent with the law. Although it purports to put substance over form, I see it as doing just the opposite. In my opinion, the majority puts form over substance, and in so doing asserts a lack of jurisdiction in this court when in fact jurisdiction exists.

GLADWIN, C.J., joins.