SLIP OPINION

Cite as 2015 Ark. App. 315

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-767

| | |
|---|---|
| AIR MASTERS MECHANICAL, INC., WILLIAM BRYAN CRUMLEY AND RHONDA CRUMLEY<br><br>APPELLANTS<br><br>V.<br><br><br>GOODMAN DISTRIBUTION, INC.<br>APPELLEE | **Opinion Delivered** May 13, 2015<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-2008-203-02]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT RECORD |

## RITA W. GRUBER, Judge

Goodman Distribution, Inc., sued Air Masters Mechanical, Inc., and Rhonda and William Crumley, appellants, to collect payment on a promissory note executed by William Crumley, as president of Air Masters, and guaranteed by the Crumleys. After the jury returned a verdict in favor of appellants, appellee filed a motion for judgment notwithstanding the verdict (JNOV), which the court granted, resulting in a judgment for appellee in the amount of $152,984.79 plus interest, attorneys' fees, and costs. For the reasons stated herein, we remand this case to settle and supplement the record.

The facts relevant to this appeal are that Air Masters executed a promissory note in favor of appellee on May 16, 2007, and the Crumleys, sole owners of Air Masters, executed a guaranty agreement, guaranteeing the debt. When appellants failed to pay the amount due after appellee's demand for payment, appellee filed a complaint, alleging that $152,984.79

remained due and owing under the promissory note. Appellants filed an answer, asserting economic duress and undue influence as affirmative defenses.

The court held a jury trial on October 8, 2013. Appellee moved for a directed verdict at the close of its case and at the close of all of the evidence, requesting the court to enforce the note and guaranty as a matter of law and to dismiss appellants' affirmative defenses. The court denied the motions and submitted the case to the jury on interrogatories. The jury returned with a verdict finding that appellants had failed to comply with the terms of the note and guaranty but that they were excused from their performance on the basis of economic duress and/or undue influence.

On October 23, 2013, appellee filed a motion for JNOV pursuant to Ark. R. Civ. P. 50(b), arguing that the jury found that the promissory note was issued to appellee as holder and signed by appellants as maker, for a total of $163,169.06 to be repaid by November 1, 2008, and only $10,184.27 had been repaid. Appellee contended that, as a matter of law, it was therefore entitled to judgment because appellants failed to offer substantial evidence of economic pressure amounting to economic duress or undue influence. Appellants responded to the motion on November 4, 2013, and the circuit court entered an order granting the motion for JNOV on May 12, 2014. It is from that order that appellants filed their notice of appeal, dated June 11, 2014.

Although neither party raised the issue of jurisdiction, this court's subject-matter jurisdiction is one that we are obligated to raise on our own motion. *Carruth v. Carruth*, 2013 Ark. App. 213, at 1, 427 S.W.3d 117, 118. The failure to file a timely notice of appeal

deprives this court of jurisdiction. *Id*. Arkansas Rule of Appellate Procedure–Civ. 4(a) provides that a notice of appeal must be filed within thirty days from the entry of the judgment, decree, or order from which an appeal is taken. If, however, a party "timely" files a motion for judgment notwithstanding the verdict under Arkansas Rule of Civil Procedure 50(b), the time for filing the notice of appeal is extended to thirty days after entry of the order disposing of the motion. Ark. R. App. P–Civ. 4(b)(1). If the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. *Id*.

We turn to Rule 50(b), which governs motions for JNOV, to determine what is considered a "timely" motion. Rule 50(b) requires the motion to be filed "[n]ot later than 10 days after entry of judgment[.]" Ark. R. Civ. P. 50(b)(2) (2014). Rule 50(b)(2) also provides that a motion made "before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered." *Id*. The rule then parrots the language of Ark. R. App. P.–Civ. 4(b)(1) that the motion will be deemed denied on the thirtieth day if the court fails to grant or deny the motion within thirty days of the date "on which it is filed or treated as filed." *Id*. Finally, Arkansas Rule of Civil Procedure 58 provides that "[e]very judgment or decree shall be set forth on a separate document" and that a judgment or decree "is effective only when so set forth and entered as provided in Administrative Order No. 2."

In the case at bar, although the addendum contains the motion for JNOV and the order granting the motion, neither the addendum nor the record contains an order or

judgment entered pursuant to the jury's verdict. Indeed, from the record filed, we cannot tell whether such an order exists and was inadvertently omitted when the record was compiled or whether no order was ever entered on the jury's verdict. Without this information, we are unable to determine whether the motion for JNOV was timely filed, which is critical to determining whether the notice of appeal was timely filed. Consequently, we cannot tell whether we have jurisdiction to hear this appeal.

Arkansas Rule of Appellate Procedure–Civil 6(e) states that, if anything material to either party is omitted from the record, the appellate court may, on its own initiative, direct that the omission be corrected and that a supplemental record be certified and transmitted. Rule 4-2(8) of the Rules of the Arkansas Supreme Court and Court of Appeals also requires the addendum to contain all documents in the record on appeal "that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." We also note that Rule 4-2(8) requires the addendum to contain the jury verdict forms in a case where there was a jury trial, which there was in this case. The jury verdict forms are not in the addendum or the record filed with this court.

Accordingly, we remand this case to settle and supplement the record with the documents specified herein. We also encourage counsel to carefully review our rules to ensure that all material information is contained in the record and addendum. Appellants have thirty days from the date of this opinion to file a supplemental record that includes the circuit court's order entered pursuant to the jury verdict, the jury verdict forms, and any relevant documents that have been inadvertently omitted from the record in this case. After

4

the record is settled and a supplemental record is filed with this court, appellants will be given fifteen days to file a substituted brief, abstract, and addendum. Ark. Sup. Ct. R. 4-2(b)(3) (affording an appellant the opportunity to cure any deficiencies). Appellee may revise or supplement its brief within fifteen days of the filing of appellants' substituted brief or may rely on its previously filed brief. Ark. Sup. Ct. R. 4-2(b)(3). Again, we encourage counsel to review our rules and ensure that no further deficiencies, beyond those identified here, exist.

Remanded to settle and supplement record.

VIRDEN and WHITEAKER, JJ., agree.

*Depper Law Firm, Inc.*, by: *Robert L. Depper, Jr.*, for appellants.

*Law Office of Thomas G. Buchanan*, by: *Angela S. Cole*, for appellee.