

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-767

| | |
|---|---|
| AIR MASTERS MECHANICAL, INC., WILLIAM BRYAN CRUMLEY, AND RHONDA CRUMLEY<br><br>APPELLANTS<br><br>V.<br><br><br>GOODMAN DISTRIBUTION, INC.<br>APPELLEE | **Opinion Delivered** October 28, 2015<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-2008-203-2]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>DISMISSED |

## RITA W. GRUBER, Judge

We remanded this case to settle and supplement the record because we were unable to determine whether we had subject matter jurisdiction over the appeal. *Air Masters Mech., Inc. v. Goodman Distrib., Inc.*, 2015 Ark. App. 315. Specifically, we ordered appellants to file a supplemental record that included the trial court's order entered pursuant to a jury verdict so that we could determine whether we had jurisdiction to hear an appeal from the court's order granting appellee's motion for judgment notwithstanding the verdict. Appellants have not filed a supplemental record but rather a document entitled "Answer to Court's Query." In this pleading, appellants allege that no order was ever entered of record on the jury's verdict. They request this court to decide the case on the record, abstract, and arguments previously submitted. We lack jurisdiction to consider the appeal and dismiss.

The relevant facts are that the court held a jury trial on October 8, 2013.[1] The jury returned a verdict in favor of appellants. Apparently, the trial court never entered a judgment on the jury's verdict. On October 23, 2013, appellees filed a motion for judgment notwithstanding the verdict (JNOV). The trial court entered an order granting the motion on May 12, 2014, and appellants filed a notice of appeal on June 11, 2014.

Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and, absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *McJames v. State*, 2010 Ark. 74, at 3. Arkansas Rule of Appellate Procedure–Civil 4(a) provides that a notice of appeal must be filed within thirty days from the entry of the judgment, decree, or order from which an appeal is taken. In this case, however, a motion for judgment notwithstanding the verdict was filed, which extends the time within which a notice of appeal must be filed, so long as the motion is timely. A motion is timely if it is filed "[n]ot later than 10 days after entry of judgment[.]" Ark. R. Civ. P. 50(b)(2) (2014).[2] Rule 50(b)(2) also provides that a motion made "before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered." *Id*.

Here, the motion for JNOV was filed on October 23, 2013. The trial court did not

---

[1]For a more complete recitation of the facts, see our previous opinion, *Air Masters Mech., Inc. v. Goodman Distrib., Inc.*, 2015 Ark. App. 315.

[2]Arkansas Rule of Civil Procedure 58 provides that "[e]very judgment or decree shall be set forth on a separate document" and that a judgment or decree "is effective only when so set forth and entered as provided in Administrative Order No. 2."

SLIP OPINION

act on the motion until over six months later, on May 12, 2014, when it granted the motion. As a general rule, if the trial court neither grants nor denies such a motion within thirty days of its filing, the motion is deemed denied by operation of law as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R. Civ. P. 50(b)(2); Ark. R. App. P–Civ. 4(b)(1). In other words, if the motion was timely filed, it would have been "deemed denied" on November 22, 2013, and appellants' notice of appeal filed on June 11, 2014, was not timely, leaving us without jurisdiction to consider the appeal.

Because Rule 50(b)(2) also provides that a motion made "before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered," we were unable to determine if the court's judgment was entered on a date that would have made appellant's motion for JNOV, the court's order granting the motion, and, consequently, appellants' notice of appeal timely. Therefore, we remanded for settlement and supplementation of the record to include the order. According to the record before us, no such order was entered, and we have no jurisdiction to hear this appeal. Therefore, we dismiss.

Dismissed.

GLADWIN, C.J., and HARRISON, J., agree.

*Depper Law Firm, Inc.*, by: *Robert L. Depper, Jr.*, for appellants.

*Law Office of Thomas G. Buchanan*, by: *Angela S. Cole*, for appellee.