Cite as 2016 Ark. App. 262



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–943

| | |
|---|---|
| DEBBIE WORSHAM | **Opinion Delivered:** May 11, 2016 |
| APPELLANT | |
| | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| V. | [NO.CV–2012-97] |
| ROY DAY | |
| TERESA DAY | |
| APPELLEES | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order granting appellees' motion for judgment notwithstanding the verdict (JNOV) or in the alternative, a new trial; and its separate order denying her motion for reconsideration of its decision to grant appellees' motion for JNOV or in the alternative, a new trial. On appeal, she argues that (1) the circuit court abused its discretion in granting a new trial based on inconsistent verdicts; (2) the circuit court abused its discretion in granting a new trial because a jury can find liability on multiple theories so long as it does not duplicate damages; and (3) appellees waived their right to object to any irregularities or inconsistences stemming from the jury instructions or verdict forms because they consented to both the jury instructions and the verdict forms. We are unable to address the merits of appellant's arguments and remand to settle and supplement the record.

A jury trial was held on March 10 and 11, 2015. The jury found for appellant on her breach-of-contract claim, awarding her $115,000; for appellant on her promissory estoppel claim, but awarded no damages; and against appellees on their unjust-enrichment and fraud claims. Jury forms were filed on March 11, 2015.

Subject-matter jurisdiction is the power of a court to adjudge certain matters and to act on facts alleged.[1] Where the question is one of subject-matter jurisdiction, it does not matter how it arises; this question may be raised for the first time on appeal or the court may raise it on its own, but the parties to an action may not confer subject-matter jurisdiction on a court.[2] Subject-matter jurisdiction is an issue that we are required to raise on our own, even when the parties do not contest jurisdiction.[3]

The circuit court read the verdict forms at the close of the trial on March 11, 2015. The verdict forms were entered on March 11, 2015. Appellees filed a motion for JNOV or in the alternative, for a new trial, on March 23, 2015. Arkansas Rule of Civil Procedure 50(b)(2) states the following:

> Not later than 10 days *after entry of judgment*, a party who has moved for a directed verdict may move to have the verdict and any judgment thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned, such party within 10 days after the jury has been discharged may move for judgment in accordance with his motion for directed verdict. *A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered.* If the court neither grants nor denies the motion within 30 days

---

[1] *Timmons v. McCauley*, 71 Ark. App. 97, 100–01, 27 S.W.3d 437, 439–40 (2007) (citing *Robinson v. Winston*, 64 Ark. App. 170, 984 S.W.2d 38 (1998)).

[2] *Id.*, 71 Ark. App. at 101, 27 S.W.3d at 440 (citing *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997)).

[3] *Id.* (citing *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998)).

of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.[4]

Arkansas Rule of Civil Procedure 59(b) states the following:

> A motion for a new trial shall be filed not later than 10 days *after the entry of judgment. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered.* If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.[5]

Both the addendum and the record include appellees' motion for JNOV or alternatively, for a new trial. They also include the order granting the motion as well as appellant's motion for reconsideration and the circuit court's order denying that motion. However, no judgment from the circuit court reflecting the jury's verdict forms appears in the addendum; neither does it appear in the record. Furthermore, this court has found no reference to a judgment disposing of the jury verdicts in any of the documents submitted to this court.

Pursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed.[6] Moreover, Arkansas Rule of Civil Procedure 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2."[7] Because this court has no order

---

[4] (2015) (emphasis added).

[5] (2015) (emphasis added).

[6] *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 120, 257 S.W.3d 862, 863 (2007) (citing *McGhee v. Ark. Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006)).

[7] *Id.*, 370 Ark. at 120–21, 257 S.W.3d at 863 (citing Ark. R. Civ. P. 58 (2006)).

or judgment by which the jury's verdict would have been made effective, this court has no way of knowing whether any of the motions or orders made after the jury trial are valid.

While it is clear that the order is not before this court, it is not clear whether the missing order was inadvertently left out or simply was never entered. Without this order, this court cannot determine whether appellees' motion for JNOV or in the alternative, a new trial, was timely filed; therefore, it cannot determine whether jurisdiction is proper with this court.[8] Accordingly, we remand to settle and supplement the record.

Appellant's counsel is further advised that placing the full transcript of the proceedings in the addendum is a violation of Arkansas Supreme Court Rule 4-2(8), which specifically states that the addendum shall contain true and legible copies of the non-transcript documents in the record; transcript testimony should be abstracted in material part and placed in the abstract of the brief only, according to Arkansas Supreme Court Rule 4-2(5). We also encourage counsel to carefully review our rules to ensure that all material information is contained in the record and addendum.

Remanded to settle and supplement the record.

GRUBER and GLOVER, JJ., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*; and *Marcus Vaden*, for appellant.

*Robbins Law Firm*, by: *Michael S. Robbins*, for appellees.

---

[8] *See Air Masters Mechanical, Inc. v. Goodman Distribution, Inc.*, 2015 Ark. App. 315, in which an order or judgment entered pursuant to the jury's verdict was not in the addendum or record. This court remanded to settle and supplement the record.