Cite as 2023 Ark. App. 240

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-22-293

| | |
|---|---|
| NICHOLAS LELIEUR<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 26, 2023<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15PR-22-15]<br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**STEPHANIE POTTER BARRETT, Judge**

This case is an appeal from the Circuit Court of Conway County ordering the involuntarily admission of the appellant, Nicholas Lelieur, to a receiving facility or program for alcohol- or drug-addiction treatment pursuant to Ark. Code Ann. § 20-64-821(d) (Repl. 2018). On February 10, 2022, Nicholas Lelieur's mother, Angel Cloud, filed in the probate division of the Conway County Circuit Court a petition to involuntarily admit her son to an appropriate facility or program for drug-addiction treatment based on her belief that he was "homicidal, suicidal, or gravely disabled" due to a severe addiction to fentanyl. A hearing was held, and the order of involuntary admission was signed by the court on February 11, 2022, but not filed until February 18, 2022, with the Conway County clerk.

Arkansas Code Annotated section 20-64-802 (Repl. 2018) provides that circuit courts have exclusive jurisdiction for procedures for involuntary commitments for alcohol- or drug-

addiction treatment and may conduct involuntary-commitment hearings within any county of the circuit judge's judicial district. On February 11, 2022, Lelieur appeared for the hearing and was appointed counsel to represent him pursuant to Ark. Code Ann. § 20-64-820(a) (Repl. 2018).

The issue on appeal is whether there is clear and convincing evidence to support Lelieur's involuntary admission to twenty-one days in Harbor House or another suitable facility. The order of involuntary admission is not a part of the record before this court. To be clear, the record before this court contains a notice of appeal that designates an order of February 11, 2022, as the order from which he takes his appeal. However, for whatever reason, the order signed on February 11, 2022, committing Lelieur to Harbor House in Hot Springs was not filed until February 18, 2022. Lelieur's notice of appeal states, "[N]otice hereby is given that Respondent appeals to the Arkansas Court of Appeals from the order filed against Respondent by the state on February 11, 2022. . . . The Respondent hereby designates the entire record and all proceedings, motions, exhibits, documents, testimony entered into evidence, and all documents entered under file mark contained in the court record." The February 11 order was not made a part of the trial record even though the notice of appeal recited the record was to include "all file marked documents."

A record on appeal shall be compiled in accordance with the rules of the Arkansas Supreme Court and Court of Appeals. Ark. R. App. P.–Civ. 6(a). The record in civil cases consists of the pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates. Ark. Sup. Ct. R. 3-1(n). If an appellant is going to argue on appeal that the

evidence does not support, or is contrary to, a finding or conclusion, the party "shall include in the record a transcript of all evidence relevant to such finding or conclusion." Ark. R. App. P.–Civ. 6(b). If anything material to either party is omitted from the record, either by error or by accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. Sup. Ct. R. 3.3; Ark. R. App. P.–Civ. 6(e); *Perez v. State*, 2015 Ark. App. 561; *Lacy v. State*, 2017 Ark. App. 509; *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368, at 5–6. We remand this case to settle and supplement the record because we are unable to determine whether we have subject-matter jurisdiction over the appeal. *Air Masters Mech., Inc. v. Goodman Distrib., Inc.*, 2015 Ark. App. 315. Here, it appears that the final order was omitted from the record by either error or accident.

Accordingly, we hereby remand to the circuit court to settle and supplement the record with the final order of involuntary admission within thirty days from the date of this opinion.

Remanded to settle and supplement the record.

KLAPPENBACH and BROWN, JJ., agree.

*Beth Wright*, Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.