McClellan v. Young.

5-2291                                  339 S. W. 2d 624

Opinion delivered November 7, 1960.

*O. E. Gates* and *Paul K. Roberts,* for appellant.

*Max M. Smith* and *John W. Elrod,* for appellee.

J. Seaborn Holt, Associate Justice. In this action appellant, Curtis L. McClellan, sought to compel the circuit clerk of Cleveland County, Arkansas to file a complaint at law. The evidence discloses that McClellan, who was a candidate for the office of representative of Cleveland County, had attempted to file a complaint, prepared by his attorney, in a suit to contest the results of the election in which he was unsuccessful in securing the Democratic nomination. The deputy circuit clerk, in charge at the time, refused to file the complaint. It is undisputed that the appellant did not tender any filing fees at that time. Thereupon McClellan sought the circuit clerk, Henry Young, in an effort to have the complaint filed. Young informed the appellant that he would file the complaint if a $500.00 bond to secure the cost of the contest were filed. No bond was offered or filed.

In the opinion and judgment of the trial court we find this language: "'* * * the Court doth find:

That Petitioner attempted to file with Henry Young, Clerk, his petition to contest the nomination of Raymond C. Mays in the Primary Election of August 9, 1960, on the 29th day of August, 1960; that the Clerk refused to file the same for the reason that no fees for filing and issuing process were paid or tendered, although demand was made for same;  *  *  *  The Court finds that said petition for writ of mandamus should be denied for the following reasons:  1.  The Clerk was not legally bound to file the complaint until and unless the fee for filing same and issuing summons was tendered or paid.  *  *  *''

This appeal followed and for reversal appellant says: ''The Court erred in failing to issue its Writ of Mandamus requiring appellee to file said Complaint at Law and issue summons thereon.''

In the circumstances here we hold that the judgment of the trial court was correct.  Arkansas Statutes (1947) § 27-302 provides: ''Payment of fees prerequisite to entry of action or issuance of writ.—No action shall be entered upon the docket of any court nor any original mesne or final process issued therein, except in criminal cases and cases where the State is plaintiff, until the fees for entering the case upon the docket and for issuing such writ, and the taxes thereon, if any, be paid, or bond and security, to the approval of the clerk, given therefor; and no clerk shall be liable to an action for refusing to docket a cause or issue any writ, unless the fee and tax thereon be first tendered or secured as herein provided.''  It appears undisputed here that the fees required by this section were not tendered, paid, or secured to appellee by appellant in spite of the demands made by the appellee to appellant.

Therefore, appellant's petition for mandamus must be and is denied.  Accordingly, the judgment is affirmed.