William Carl PEDERSON, Barbara Elmore, Robert Horn, and Aljavan Martin *v.* Carl STRACENER and Champion Harvey

03-327                                          128 S.W.3d 818

Supreme Court of Arkansas
Opinion delivered November 13, 2003

*Andrew J. Russell III*, for appellant Pederson.

*Wilson, Engstrom, Corum & Coulter*, by: *Nate Coulter*, for appellees.

JIM HANNAH, Justice. William Carl Pederson appeals a decision of the Lonoke County Circuit Court enjoining him from being sworn to his elected position of Justice of the Peace, District 4. Lonoke County residents Carl Stracener and Champion Harvey filed a post-election petition for a writ of mandamus and complaint for declaratory judgment seeking to block Pederson from assuming his elected position. Stracener and Harvey alleged that Pederson was ineligible to stand for election to the position of Justice of the Peace District 4, under amendment 29, section 2, to the Arkansas Constitution, because as a person appointed to fill a vacancy as Justice of the Peace, District 4, he was prohibited from running for the same position in the following election. The trial court agreed and enjoined Pederson from being sworn in as Justice of the Peace, District 4.

Pederson alleges that the trial court erred in considering Stracener's and Harvey's action because a petition for a writ of mandamus and complaint for declaratory relief may only be used to make a pre-election challenge to a candidate's eligibility. Pederson also argues that Stracener and Harvey lack standing to bring the

action because while they are residents of Lonoke County, they are not residents of District 4. Finally, Pederson alleges that Stracener and Harvey waived their action by not bringing it pre-election, and that the trial court erred in failing to determine that District 4 had been so altered by reapportionment that he was not succeeding himself to the same position.

Because election contests are purely statutory, and the statutes do not provide for a post-election petition for a writ of mandamus and complaint for declaratory judgment to challenge a candidate's eligibility, the trial court was without jurisdiction to hear the matter. Because this case is decided on jurisdiction, there is no need to consider the remaining issues. This case is reversed and dismissed.

This court has jurisdiction under Ark. S. Ct. R. 1-2(a)(1)(4) (2003).

*Facts*

In 2001, Charles Allen Williams resigned as Justice of the Peace for District 4 in Lonoke County. Pederson was appointed by Governor Huckabee to replace Williams. Pederson's appointed term expired on December 31, 2002. However, previous to expiration of his term, Pederson filed for candidacy for the position of Justice of the Peace for District 4. He defeated an opponent in the primary and was unopposed in the general election. Therefore, Pederson prevailed in the general election on November 5, 2002, and was certified the winner. On November 13, 2002, Stracener and Harvey filed a petition for writ of mandamus and complaint for declaratory judgment. An unreported telephone conference was held on November 20, 2002, on the writ of mandamus, resulting in a November 21, 2002, order denying the petition for the writ of mandamus. The issue of the declaratory judgment was submitted to the trial court by written briefs, which included a supplemental brief by Stracener and Harvey asking for injunctive relief as well. On December 29, 2002, the circuit court issued a letter opinion finding that Pederson was prohibited from running for the District 4 position under Ark. Const. amend. 29 § 2 and enjoining him from being sworn in as Justice of the Peace for District 4.

## Jurisdiction

■ ■ The trial court lacked jurisdiction to hear the post-election challenge to Pederson's eligibility. Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *St. Paul Mercury Ins. v. Circuit Court*, 348 Ark. 197, 73 S.W.3d 584 (2002). We have made it clear that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003).

■ The right to contest an election is purely statutory. *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000); *Casey v. Burdine*, 214 Ark. 680, 217 S.W.2d 613 (1949). Stracener and Harvey challenge Pederson's eligibility. A statutory right to challenge the eligibility of a candidate before the election is provided in Ark. Code Ann. § 7-5-207 (Repl. 2000). *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). However, this statutory procedure only allows pre-election challenges to a candidate's eligibility. *Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001). The only private post-election right to challenge an election is under Ark. Code Ann. § 7-5-801 (Repl. 2000), which provides for a challenge by a candidate to contest certification by the county board of election commissioners. This statute is not applicable. Neither Stracener nor Harvey were candidates. Further, eligibility was challenged rather than certification of a winner. Therefore, the trial court was without jurisdiction to hear the action.

## Quo Warranto

■ The statutory remedy in this case would be to bring a petition for a writ *quo warranto*. Usurpation of office is discussed in Ark. Code Ann. § 16-118-105 (Supp. 2003), and provides in pertinent part:

> (b)(1) Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise.

(2) A person who continues to exercise an office after having committed an act, or omitted to do an act, of which the commission or omission, by law, created a forfeiture of his office, shall be subject to be proceeded against for a usurpation thereof.

(3)(A) It shall be the duty of the prosecuting attorney to institute the actions mentioned in this section against all persons who usurp county offices or franchises where there is no other person entitled thereto or the person entitled fails to institute the action for three (3) months after the usurpation.

Ark. Code Ann. § 16-118-105 (Supp. 2003). The action allowed under Ark. Code Ann. § 16-118-105 is a petition for a writ *quo warranto*. *Magnus v. Carr*, 350 Ark. 388, 86 S.W.3d 867 (2002). However, a petition for a writ *quo waranto* in this case must be initiated by the State. *Magnus, supra*; *Cummings v. Washington County Election Comm'n*, 291 Ark. 354, 724 S.W.2d 486 (1987); *Moody v. Lowrimore*, 74 Ark. 421, 86 S.W. 400 (1905).

In this case, Pederson was certified the winner of an election to Justice of the Peace, and it is alleged that he is not qualified to serve. Therefore, the action available is a petition for a writ *quo warranto*, which must be brought by the prosecuting attorney.

Reversed and dismissed.