JOSEPHINE LINKER HART, Justice
Bruce Earl Ward appeals from an order of the Pulaski County Circuit Court dismissing with prejudice his civil rights case in which he challenged the conditions of his confinement in the Varner Supermax Unit of the Arkansas Department of Correction. On appeal, Ward argues that the order of dismissal with prejudice should be vacated because the circuit court lacked jurisdiction to enter it.
Ward is a prisoner on death row, awaiting execution for the August 11, 1989 capitol murder of Rebecca Doss. On October 12, 2015, Ward submitted a document captioned "Petition for Leave to Proceed In Forma Pauperis (IFP)" to the Pulaski County Circuit Court. Along with this petition, Ward tendered a complaint asserting a civil rights claim under 42 U.S.C. § 1983. Ward had filed an identical complaint in federal court but had voluntarily nonsuited *867 his federal case before he attempted to file his complaint in state court. Several state officials were named as defendants. Ward did not attempt to serve any of the named defendants.
Although both the IFP and the complaint were electronically stamped with the date and time, neither was assigned a civil case number by the clerk's office, as no filing fee had been paid. Instead, the pleadings were given an administrative, or miscellaneous, number that the circuit clerk's office used to keep track of nonfiled documents.
On October 12, 2015, the circuit court denied Ward's IFP with no explanation. Like the IFP and the complaint, the order bore an administrative, or miscellaneous number.[1] On October 13, 2015, Ward submitted to the circuit clerk's office a motion for reconsideration or clarification of the order denying his IFP. Attached to the motion for reconsideration was an affidavit in support of the IFP indicating that Ward was a prisoner on death row at the Varner Supermax Unit, that he was not employed, that he received no money from business or self-employment, and that as of September 30, 2015, he had $43.72 in his prison account. Ward also sought clarification of the IFP denial-whether the court found that he did not qualify financially or that he failed to make a colorable showing of a cause of action as required by Rule 72 of the Arkansas Rules of Civil Procedure. The circuit court denied Ward's motion for reconsideration without making findings on October 14, 2015.
Although Ward filed a notice of appeal from the IFP and reconsideration denials on October 14, 2015, there is no evidence that a record on appeal was prepared or lodged.[2] On February 24, 2016, appellees used the administrative case number to file a motion to dismiss. In that motion, appellees argued that because Ward failed to serve them with process within 120 days from the "filing of the complaint," the circuit court was obligated to dismiss the suit under Arkansas Civil Procedure Rule 4(i)(1) and that the dismissal would operate as an adjudication on the merits under Arkansas Civil Procedure Rule 41(b) because Ward had previously voluntarily dismissed a similar claim in federal court. No action was taken on this motion by any judge at the circuit court.
On May 26, 2017, appellees filed a second motion to dismiss, again using the administrative case number. In that motion, appellees asserted that their first motion to dismiss was still pending and that because Ward had "taken no action" on the case for one year, dismissal was proper under Rule 41(b). Appellees also repeated the assertion that the dismissal was an adjudication on the merits because of the previous voluntary dismissal in federal court. Ward did not respond to this motion.
On May 31, 2017, the circuit court dismissed Ward's complaint with prejudice. The order recited that the "cause of action" was "dismissed with prejudice for failure to prosecute." The order further noted that the dismissal served as an "adjudication on the merits." The written order *868 was filed under the administrative case number.
On June 13, 2017, Ward asked the circuit court to reconsider. He argued that because he never paid a filing fee or was granted indigent status, the complaint was never officially filed; therefore, no cause of action had been commenced, and there was no case to dismiss. On July 10, 2017, the circuit court denied the motion for reconsideration without explanation. Ward timely filed a notice of appeal
On appeal, Ward argues that the circuit court's order dismissing his "cause of action" should be vacated for lack of jurisdiction because Ward never filed a complaint for the circuit court to dismiss. Ward asserts that he submitted a motion to proceed in forma pauperis along with a complaint to the Pulaski County Circuit Clerk; however, the circuit court did not grant his motion. Accordingly, because the circuit court declined to find him indigent, and because Ward never paid a filing fee to the circuit clerk, the complaint was never filed and no action was commenced. Ward cites Arkansas Code Annotated section 16-58-101(a) (Repl. 2005) to support this proposition. It states in pertinent part: "No action shall be entered upon the docket of any court nor any original mesne or final process issued ... until the fees for entering the case upon the docket ... [are] paid." Arguing further, Ward notes that the record supports this assertion because the complaint bears no file mark, and the clerk's office did not assign the case a civil case number, only a "generic number" assigned to all similar cases. Furthermore, Ward argues that because his complaint was not filed, he was not obligated to act further, for instance, to serve the named defendants. This argument is persuasive.
Jurisdiction is the power or authority of the court to act. W. Memphis Sch. Dist. v. Circuit Court of Crittenden Cty. , 316 Ark. 290, 871 S.W.2d 368 (1994). When a circuit court acts without jurisdiction, its orders and judgments are void. Rose v. Harbor E., Inc. , 2013 Ark. 496, 430 S.W.3d 773. A circuit court acquires jurisdiction over a cause of action when a complaint is filed with the circuit clerk. Ark. R. Civ. P. 3(a). The payment of a filing fee, or waiver of that fee pursuant to Rule 72 of the Arkansas Rules of Civil Procedure, is required before a civil action will be filed. Ark. Code Ann. § 16-58-101(a) ; see McClellan v. Young , 232 Ark. 679, 339 S.W.2d 624 (1960). We hold that Ward's case was never "filed"; therefore, the circuit court never acquired jurisdiction. We therefore vacate the circuit court's order of dismissal.
Reversed; circuit court order vacated.

In an opinion handed down on December 10, 2015, Penn v. Gallagher , 2015 Ark. 472, this court ended the practice by the Pulaski County Circuit Clerk of not filing for record petitions to proceed in forma pauperis and the orders denying the petitions. The disposition of Ward's IFP predated Penn by nearly two months.

Prior to this court's decision in Penn, supra , orders denying IFPs were not appealable, in part, because they contained only a miscellaneous file number and not a case number; thus, were not considered "filed of record."