LARRY D. VAUGHT, Judge
Vasile Stan d/b/a Renaissance Plaster & Design (Stan) appeals the order entered by the Pulaski County Circuit Court (1) finding that it had subject-matter jurisdiction over a complaint filed by Jose Juan Vences and (2) denying Stan's motion to set aside the default judgment that the court had entered against him in favor of Vences. We reverse and dismiss for lack of subject-matter jurisdiction.
On December 12, 2013, Vences filed a complaint for damages in the circuit court alleging that on November 21, 2013, he was Stan's employee and was working in the course and scope of his employment when he sustained a significant injury to his finger. Vences further alleged that his injury was proximately caused by Stan's negligence. Vences also alleged that Stan violated Arkansas law "in failing to provide workers' compensation benefits for his employees ... therefore, [he lost] his immunity from suit." Vences requested damages for past and future medical expenses, past and future lost wages, conscious pain and suffering, and for the permanency of his injury. Stan was served with the complaint on January 23, 2013. No answer was filed.[1]
*27 On May 15, 2014, Vences moved for default judgment, and an order of default was entered on June 19, 2014. A hearing on damages was held on December 10, 2014. Stan did not attend the hearing. Vences, who was a construction worker, testified about his injury, the medical treatment he received, the medical treatment he needed, his pain and suffering, his inability to work in heavy construction, and the effect the injury has had on his work and marriage.
At the conclusion of the hearing, the circuit court orally found that an employment relationship existed between Vences and Stan, that Vences was working within the course and scope of his employment at the time of his injury, and that the injury was proximately caused by Stan's negligence. The circuit court also found that Stan failed to provide workers'-compensation benefits for his employees and therefore lost his exclusive-remedy immunity from suit in tort. The court awarded Vences $ 252,209 plus a "penalty" of $ 25,221 for a total award of $ 277,430. On January 20, 2014, the circuit court entered a judgment finding that Stan was "ineligible for and has waived immunity provided under the [Workers' Compensation] Act" and awarding damages in the amount of $ 252,209.[2]
On August 27, 2015, Stan moved to set aside the default judgment for lack of subject-matter jurisdiction. He argued that he was covered under a policy of workers'-compensation insurance on November 21, 2013,[3] the date of Vences's accident, and that the Arkansas Workers' Compensation Commission ("Commission") website also verified that he had workers'-compensation coverage on November 21, 2013.[4] Accordingly, Stan argued that pursuant to Arkansas Code Annotated section 11-9-105(a) (Repl. 2012), the Commission had exclusive, original jurisdiction of the case and that the exception to the exclusive-remedy rule found in section 11-9-105(b) was not triggered.
After a hearing on Stan's motion to set aside the default judgment, the circuit court took the matter under advisement. On August 2, 2017, the circuit court entered an order concluding that it had subject-matter jurisdiction over the case and denying Stan's motion to set aside the default judgment. In reaching these conclusions, the court found that subject-matter jurisdiction is determined on the pleadings, and Vences's complaint "stated that [Stan] affirmatively denied having workers' compensation coverage." The court therefore found that the section 11-9-105(b)(1) exception to the exclusive-remedy provision was triggered and gave the circuit court jurisdiction to hear the case. The court also found that Stan failed to present the mandatory affirmative defense *28 of exclusive remedy; therefore, he waived the defense. Stan appeals this order, raising three points: (1) the circuit court lacked subject-matter jurisdiction; (2) the default judgment is void for lack of subject-matter jurisdiction; and (3) Stan did not and could not waive his challenge to the lack of subject-matter jurisdiction by failing to answer the complaint.
Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) provides that a court may set aside a default judgment if the judgment is void. Ark. R. Civ. P. 55(c) (2018). Taken together, Stan's first two arguments on appeal are that the default judgment was void for lack of subject-matter jurisdiction. In cases where the appellant claims that the judgment is void under Rule 55(c)(2), the appellate courts will review a circuit court's denial of a motion to set aside default judgment using a de novo standard. Morgan v. Big Creek Farms of Hickory Flat, Inc. , 2016 Ark. App. 121, at 3, 488 S.W.3d 535, 538 (citing Nucor Corp. v. Kilman , 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004) ).
Stan's first argument is that the circuit court lacks subject-matter jurisdiction of Vences's action because he is immune from suit in tort under the exclusive-remedy provision of the Workers' Compensation Act ("Act"), which he claims gives the Commission exclusive jurisdiction. He argues that when the Act applies, the circuit court is wholly without jurisdiction. He further argues that the Commission has exclusive, original jurisdiction to determine the facts that establish subject-matter jurisdiction.
Generally, an employer who carries workers'-compensation insurance is immune from liability for damages in a tort action brought by an injured employee. Entergy Ark., Inc. v. Pope Cty. Circuit Court , 2014 Ark. 506, at 6, 452 S.W.3d 81, 84. This rule, known as the exclusivity doctrine, provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee ... from the employer ... on account of the injury or death...." Entergy Ark. , 2014 Ark. 506, at 6, 452 S.W.3d at 84 (citing Ark. Code Ann. § 11-9-105(a) ).
In Reynolds Metal Company v. Circuit Court of Clark County , our supreme court explained the exclusivity doctrine as follows:
Beginning with the decision in VanWagoner v. Beverly Enterprises , 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998), this court has consistently followed the rule that the Arkansas Workers' Compensation Commission "has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort." Thus, when a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the Arkansas Workers' Compensation Act, the Commission must first decide the issue. In adopting this rule, we have explained that the Commission has vast expertise in this area and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Workers' Compensation Act.
2013 Ark. 287, at 4, 428 S.W.3d 506, 508-09 (internal citations omitted). There is an exception within the exclusive-remedy provision:
[I]f an employer fails to secure the payment of compensation as required by this chapter, an injured employee, or his *29 or her legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter or to maintain a legal action in court for damages on account of the injury or death.
Ark. Code Ann. § 11-9-105(b)(1). Arkansas Code Annotated section 11-9-404(a)(1) defines how an employer meets its obligation to "secure the payment of compensation under this chapter"; one such means is "[b]y insuring and keeping insured the payment of the compensation with any carrier authorized to write workers' compensation insurance[.]" Wilhelm v. Parsons , 2016 Ark. App. 56, at 11, 481 S.W.3d 767, 774. In Rankin v. Farmers Tractor& Equipment Co. , our supreme court interpreted that statute to mean that if there was an employer/employee relationship and the employer provided workers'-compensation coverage for its employees, then this satisfied the "secure the payment of compensation" wording in the statute. 319 Ark. 26, 32, 888 S.W.2d 657, 660 (1994). In order to prove the payment of compensation to effect the exclusive remedy, an employer is required to prove insurance coverage-not that an employee is in fact covered or in fact paid. Wilhelm , 2016 Ark. App. 56, at 11-12, 481 S.W.3d at 774.
With these principles in mind, we hold that the circuit court erred in concluding that it had subject-matter jurisdiction over Vences's complaint. Our supreme court made it clear in VanWagoner that the Commission has exclusive, original jurisdiction to determine the facts that establish subject-matter jurisdiction. VanWagoner , 334 Ark. at 16, 970 S.W.2d at 811. "We believe that the better rule is to recognize the administrative law rule of primary jurisdiction and to allow the Workers' Compensation Commission to decide whether an employee's injuries are covered by the Workers' Compensation Act." Id. at 15, 970 S.W.2d at 812. When a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the Act, the Commission must first decide the issue. Reynolds , 2013 Ark. 287, at 4, 428 S.W.3d at 509 ; Pineda v. Manpower Int'l, Inc. , 2017 Ark. App. 350, at 6, 523 S.W.3d 384, 389. Vences raised the issue of immunity in his complaint, alleging that Stan failed to provide workers'-compensation benefits for his employees. Therefore, we hold that Vences's action is barred by the exclusive-remedy provision of the Act.
Vences argues that the circuit court's finding that it had subject-matter jurisdiction over his complaint cannot be overturned because the court had an "arguable basis" for the existence of jurisdiction. We reject this argument. First, it was not raised below and was not ruled on by the circuit court; therefore, we will not consider it. Foster v. Foster , 2010 Ark. App. 594, at 6, 377 S.W.3d 497, 502. Second, we have found no Arkansas case adopting this arguable-basis standard in this context. To the contrary, there is substantial Arkansas law, as cited herein, that applies to this case and does not include an arguable-basis standard.
Vences also argues that subject-matter jurisdiction is tested on the pleadings and not on the proof, and that based on the allegations in the complaint the circuit court had jurisdiction. In Maroney v. City of Malvern , our supreme court held that subject-matter jurisdiction is determined from the pleadings; the complaint, answer, or cross-complaint. 320 Ark. 671, 676, 899 S.W.2d 476, 478-79 (1995). Subject-matter jurisdiction "is tested on the pleadings and not the proof." Id. , 899 S.W.2d at 478-79. Nevertheless, we disagree with Vences's argument that the allegations contained in the pleadings-in this case the complaint because *30 no answer was filed by Stan-gave the circuit court subject-matter jurisdiction. To the contrary, Vences's complaint raises the question of the Commission's exclusive jurisdiction. He alleged that (1) an employee/employer relationship existed at the time of his accident, (2) his injury occurred in the course and scope of his employment, and (3) Stan committed negligence (not an intentional tort). These allegations bring Vences's claim within the exclusive-remedy provision of the Act. Ark. Code Ann. § 11-9-105(a). Our caselaw is clear that claims of an employer's negligence that result in physical injury are covered exclusively by the Act and fall within the exclusive jurisdiction of the Commission. Truman Arnold Cos. v. Miller Cty. Circuit Court , 2017 Ark. 94, at 4-5, 513 S.W.3d 838, 841 (citing Int'l Paper Co. v. Clark Cty. Circuit Court , 375 Ark. 127, 289 S.W.3d 103 (2008) ).
Vences's complaint also contains the allegation that Stan "fail[ed] to provide workers' compensation benefits for his employees." This one phrase in the complaint is the linchpin of Vences's case. He argues that this allegation triggers the section 11-9-105(b)(1) exception; divests the Commission of its section 11-9-105(a) exclusive jurisdiction; and gives the circuit court subject-matter jurisdiction of his action. We disagree.
The allegation that Stan "failed to provide workers' compensation benefits for his employees" does not establish as a matter of law that he failed to "secure the payment of compensation" as required under Arkansas Code Annotated sections 11-9-105(b)(1) and 11-9-404(a)(1). This allegation fails entirely to address whether Stan secured the payment of compensation or, in other words, whether he had a policy of workers'-compensation insurance in effect at the time of Vences's injury.[5] In sum, the allegations in Vences's complaint-as a matter of law-fall squarely within the exclusive jurisdiction of the Commission.
Lastly, Vences argues that if facts outside the pleadings are considered, they do not erode the circuit court's subject-matter jurisdiction because Stan denied having workers'-compensation coverage and Stan's workers'-compensation carrier wrote in a letter on August 15, 2014, that "this is not a workers' compensation matter." There is one piece of undisputed evidence outside the pleadings that undermines Vences's argument: Stan had workers'-compensation insurance at the time of Vences's injury. The policy was introduced into evidence. Stan's insurance agent testified that Stan had a policy in place. The Commission's director of Operations and Compliance, Carl Bayne, testified that Stan had workers'-compensation insurance. That ends the inquiry. Rankin , 319 Ark. at 32, 888 S.W.2d at 660 ; Pineda , 2017 Ark. App. 350, at 11, 523 S.W.3d at 391 ; Wilhelm , 2016 Ark. App. 56, at 11-12, 481 S.W.3d at 774.
Despite Vences's argument to the contrary, it is of no significance that Vences's attorney claimed that Stan denied having workers'-compensation coverage or that Stan's workers'-compensation carrier wrote a letter stating that "this is not a workers' compensation matter" or that Bayne testified that the best way to determine whether an employer has workers'-compensation insurance is to ask the employer. In Pineda , our court held that testimony from the supervisory employee that he did not believe the employer had a workers'-compensation policy that would *31 cover Pineda was "not the relevant inquiry. The only germane question for a determination on exclusive remedy is whether [the employer] had a workers' compensation policy in effect at the time of the employee's injury." 2017 Ark. App. 350, at 11, 523 S.W.3d at 391-92. It is undisputed that Stan had workers'-compensation coverage.
Moreover, Vences relies on controverted evidence. While Vences's attorney repeatedly claims that Stan said that he did not have workers'-compensation insurance, Vences provided no evidence to support that claim. Arguments and statements by attorneys are not evidence. McCoy v. Robertson , 2018 Ark. App. 279, at 13, 550 S.W.3d 33, 40 (holding that counsel's statements and assertions cannot substitute for evidence of proof of service). Further, Stan specifically denied telling Vences's attorney this in his deposition. Stan testified that he paid premiums for workers'-compensation insurance and that he knew he had the insurance.
While the letter to Stan from his workers'-compensation carrier stating that "this is not a workers' compensation matter" can be interpreted to mean that he did not have coverage, it could also be interpreted that he did, but the carrier was denying the claim for some reason, i.e., because Stan did not timely report it or because Vences was not an employee. Finally, Bayne testified that the most accurate way to find out if an employer has workers'-compensation insurance is to call the employer's insurance carrier or to call the Commission. Bayne stated that asking the employer is another way to find out about insurance-not the best way.
If the circuit court considered all this evidence outside the pleadings, then it is clear that the facts presented below were not so one-sided that the issues of employer status and immunity can be determined as a matter of law. VanWagoner , 334 Ark. at 16, 970 S.W.2d at 812. To the extent that the circuit court made factual findings on the issue of subject-matter jurisdiction, as set forth above, our supreme court has held that it is within the exclusive province of the Commission to evaluate questions of fact to determine jurisdiction. Truman Arnold Cos. , 2017 Ark. 94, at 6, 513 S.W.3d at 841 ; see also Entergy Ark. , 2014 Ark. 506, at 7, 452 S.W.3d at 85 (holding that the determination of insurance coverage lies exclusively with the Commission). For all these reasons, we hold that the circuit court lacked subject-matter jurisdiction of Vences's lawsuit.
Stan's second argument on appeal is that the default judgment is void for lack of subject-matter jurisdiction. Subject-matter jurisdiction is the power of a court to adjudge certain matters and to act on facts alleged. Timmons v. McCauley , 71 Ark. App. 97, 100-01, 27 S.W.3d 437, 439-40 (2000). A court that acts without subject-matter jurisdiction or in excess of its power produces a result that is void and cannot be enforced. Id. , 27 S.W.3d at 440 ; see also Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc. , 2011 Ark. 501, at 9, 385 S.W.3d 797, 802 ; Villines v. Harris , 362 Ark. 393, 398, 208 S.W.3d 763, 767 (2005) (holding that actions taken by a court without jurisdiction are null and void). Because the circuit court entered the default-judgment order without subject-matter jurisdiction, we reverse and dismiss it.
Stan's third point on appeal is a challenge to the circuit court's finding that he waived his challenge to the lack of subject-matter jurisdiction by failing to answer the complaint and asserting the exclusive-remedy provision as an affirmative defense. Subject-matter jurisdiction cannot be conferred on a court by waiver.
*32 Jonesboro Healthcare , 2011 Ark. 501, at 7, 385 S.W.3d at 801 (citing Pederson v. Stracener , 354 Ark. 716, 719, 128 S.W.3d 818, 819 (2003) ). "This court has made it clear that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and is a matter this court is obliged to raise on its own when the parties do not." Id. , 385 S.W.3d at 801 (citing Pederson , 354 Ark. at 719, 128 S.W.3d at 819 ). Accordingly, Stan did not and could not waive his challenge to the circuit court's subject-matter jurisdiction.
Vences relies on Arkansas Rule of Civil Procedure 8(c) that provides when responding to a complaint, a party shall set forth affirmative defenses such as "exclusiveness of remedy under workmen's compensation law." Ark. R. Civ. P. 8(c) (2018). However, Stan did not file an answer. Instead, a default judgment was entered against him. Our supreme court held in Entertainer, Inc. v. Duffy that a defaulting defendant may not introduce evidence to defeat a plaintiff's cause of action, but the defaulting defendant can challenge the judgment based on the circuit court's lack of subject-matter jurisdiction. 2012 Ark. 202, at 8, 407 S.W.3d 514, 519. Accordingly, we hold that the circuit court erred in finding that Stan waived the exclusive-remedy defense.
Reversed and dismissed.
Gladwin and Glover, JJ., agree.

Stan admitted in his deposition that his wife was served with the complaint. Stan further testified that he paid premiums for workers'-compensation coverage; he knew he had workers'-compensation insurance; he thought Vences's accident was covered; and he thought his insurance agent and his workers'-compensation carrier would file an answer for him. He testified that after he was served, he went to his agent's office and showed her the papers. He said that his agent told him that she would report the accident to the carrier. He further stated that he faxed some paperwork to the carrier in July 2014. He admitted that he did not follow up with his either agent or the carrier.

The court vacated the $ 25,221 penalty.

A copy of the workers'-compensation policy was attached to the motion and shows that coverage was effective October 17, 2013, to October 17, 2014.

A copy of the Commission's webpage verifying Stan's workers'-compensation coverage on November 21, 2013, was attached to the motion.

The allegation that Stan "failed to provide workers' compensation benefits for his employees" could mean that the Act applied but that Stan did not pay the benefits or that Vences was not entitled to benefits for any number of reasons.