Cite as 2021 Ark. App. 417

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-19-307

| | |
|---|---|
| KIMBERLY "SHELLY" R. REDWINE<br>     APPELLANT/CROSS-APPELLEE | **Substituted Opinion Delivered** October 27, 2021 |
| V. | APPEAL FROM THE SHARP<br>COUNTY CIRCUIT COURT<br>[NO. 68DR-16-113] |
| KEVIN WADE COURSEY<br>     APPELLEE/CROSS-APPELLANT | |
| | HONORABLE KEVIN KING, JUDGE |
| TIFFANY PHILLIPS<br>     CROSS-APPELLEE | REVERSED; CIRCUIT COURT<br>ORDER VACATED |

## PHILLIP T. WHITEAKER, Judge

The appellant, Kimberly Redwine, appeals the judgment of the Sharp County Circuit Court imposing a constructive trust in favor of the appellee, Kevin Coursey, based on unjust enrichment. Coursey cross-appeals from the circuit court's denial of his claim that a certain deed was delivered. We agree with Redwine's first argument on appeal and hold that the circuit court lacked subject-matter jurisdiction. Accordingly, we reverse and vacate the circuit court's order.[1]

For purposes of this opinion, we provide the following background information. Redwine and Coursey started dating in the latter part of 2007 and later began living together. In 2009, while the parties were living together, Redwine acquired approximately

---

[1]Given our disposition of this appeal, we do not address any arguments raised in the cross-appeal.

fifty-eight acres in Sharp County titled solely in her name. She obtained a construction loan from the Bank of Cave City with Coursey as a guarantor on the note. The parties constructed a home on the property. The home was completed in June 2010, and the parties jointly resided there until May 2016.

On May 17, 2016, Redwine filed a petition for an order of protection against Coursey in the Sharp County Circuit Court under the Domestic Abuse Act.[2] The cause of action was assigned docket number DR–2016-113. Once initiated, the circuit court granted an ex parte order of protection and subsequently entered a final order of protection on June 6, 2016.[3] Pursuant to both orders, Coursey was excluded from Redwine's residence, the shared residence of the parties.

On February 6, 2017, Coursey filed a pleading styled "Modification of Order of Protection and Complaint in Replevin and for Dissolution of Partnership" under docket number DR–2016-113. Coursey sought to recover certain listed personal property. He also asserted a partnership property interest in Redwine's residence and in the fifty-eight-acre tract on the basis of the party's nine-year cohabitation and their agreement to hold the property as partners. He requested that the property be ordered sold and the proceeds divided equally. Because Coursey filed his pleading within docket number DR–2016-113

---

[2]Under the Domestic Abuse Act, no initial filing fees or service costs are required. Ark. Code Ann. § 9-15-202(a)(1) (Repl. 2020).

[3]On June 24, 2016, the circuit court modified the final order to allow certain items of personal property apparently belonging to a third party to be removed from the home.

2

seeking to modify a final order of protection, he did not pay a filing fee with the circuit clerk.[4]

Coursey would later amend his complaint several times to add additional claims.[5] Redwine answered the initial complaint and each amendment, denying the material allegations concerning Coursey's purported interest in the real estate and asserting certain affirmative defenses such as judicial estoppel, the statute of frauds, the statute of limitations, and laches. She also filed a counterclaim seeking to replevin items of personal property. At no point did Redwine object to the circuit court's jurisdiction.

After a bench trial, the circuit court entered both a decree and a judgment that denied relief based upon actual or constructive delivery of the alleged deed from Redwine to Coursey. The court imposed a constructive trust, however, based on its finding that Redwine would be unjustly enriched if Coursey did not receive an interest in the property. This appeal and cross-appeal followed.

In her first point on appeal, Redwine argues that the circuit court lacked subject-matter jurisdiction. She asserts that because the court did not have jurisdiction, the judgment imposing the constructive trust is void. We agree.

---

[4]On appeal, Redwine argues that Coursey did not pay a separate filing fee. Coursey does not dispute this assertion.

[5]Coursey asserted that Redwine had executed and delivered a deed conveying a one-half interest in the property to him; he added Redwine's daughter Tiffany Phillips as a defendant after Redwine executed a deed conveying the property to both herself and Phillips as joint tenants with right of survivorship; and he sought the imposition of a constructive trust.

Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Stan v. Vences*, 2019 Ark. App. 56, 571 S.W.3d 24. Subject-matter jurisdiction cannot be conferred on a court by consent of the parties or by waiver. *Id*. This court has made it clear that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and is a matter this court is obliged to raise on its own when the parties do not. *Id*.

Here, Redwine initiated the original cause of action against Coursey by seeking a domestic-abuse order of protection. The court granted her that relief in a final order from which no appeal was taken. Coursey subsequently filed pleadings under the domestic-abuse docket number seeking relief on issues that did not pertain to domestic abuse. Both the Domestic Abuse Act and the Arkansas Rules of Civil Procedure prohibit such action. Arkansas Code Annotated section 9-15-202(a)(2) prohibits the assertion of a claim or counterclaim for other relief under the Domestic Abuse Act. More pointedly, Arkansas Rule of Civil Procedure 3(d) directs:

> No other claim or counterclaim for relief, including without limitation, divorce, annulment, separate maintenance, or paternity, shall be asserted in an action filed under the Domestic Abuse Act, Ark. Code Ann. § 9-15-101 *et seq*., but a separate action seeking other relief shall be filed, and the clerk shall assign a new case number and charge a filing fee unless the filing fee is waived pursuant to Rule 72 of these rules.

Redwine asserts that Coursey did not file a separate complaint; that his complaint was not given a mandatory new, separate docket number; and that he did not pay a filing fee or have his filing fee waived. Therefore, she argues, the circuit court acquired no jurisdiction. *See Burnham v. Price*, 2018 Ark. App. 410, 558 S.W.3d 402.

4

Coursey contends that the issue is not jurisdictional but procedural and maintains that because it is procedural, Redwine needed to make these arguments below to preserve them on appeal. It is undisputed that she did not make these arguments below, and Coursey claims that she is therefore barred from raising them now for the first time on appeal. We disagree.

Arkansas Code Annotated section 16-58-101(a) (Repl. 2005) requires the payment or waiver of a filing fee before a civil action will be filed. Likewise, Arkansas Rule of Civil Procedure 3(a) states that a "civil action is commenced by filing a complaint with the clerk of the court who shall note thereon the date and precise time of filing." Our supreme court has held that the filing of a complaint *and* the payment of a filing fee are prerequisites to the circuit court's acquisition of jurisdiction. *See Ward v. Hutchinson*, 2018 Ark. 270, at 5, 555 S.W.3d 866, 868 ("A circuit court acquires jurisdiction over a cause of action when a complaint is filed with the circuit clerk. The payment of a filing fee, or waiver of that fee pursuant to Rule 72 of the Arkansas Rules of Civil Procedure, is required before a civil action will be filed.") (internal citations omitted).

Because Coursey never paid a filing fee, his case was never "filed," and the circuit court never acquired jurisdiction. *Ward*, *supra*. We therefore hold that the circuit court lacked subject-matter jurisdiction to adjudicate Coursey's claims. When a circuit court acts without jurisdiction, its orders and judgments are void. *Id*. When the circuit court lacks subject-matter jurisdiction, the appellate court also lacks subject-matter jurisdiction. *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995); *McGraw v. Crowden*, 2018 Ark. App. 510, 562 S.W.3d 888. We therefore reverse and vacate the circuit court's order.

Reversed; circuit court order vacated.[6]

GRUBER and VAUGHT, JJ., agree.

*Blair & Stroud*, by: *Barrett S. Moore*, for appellant/cross-appellee Kimberly Redwine and cross-appellee Tiffany Phillips.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *A. F. "Tom" Thompson III* and *Kenneth P. "Casey" Castleberry*, for appellee/cross-appellant Kevin Coursey.

---

[6]*See Ward*, *supra*.